**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| TORRENCE MCCREA, #293580, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:11-1390-RMG-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WAYNE MCCABE, WARDEN ) | |
| LIEBER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Torrence McCrea ("McCrea"), is an inmate with the South Carolina Department of Corrections serving a sentence of 30 years imprisonment for murder with concurrent sentences of 20 years for assault and battery with intent to kill, 10 years for discharging a firearm into an occupied building and 5 years for possession of a firearm during a crime of violence. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 21, 2011. Respondent filed a return and motion for summary judgment on December 29, 2011. Because McCrea is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 3, 2012 explaining to him his responsibility to respond to the motion for summary judgment. In response to the motion for summary judgment, McCrea filed a motion to stay his habeas action on January 12, 2012. Respondent filed a response to the motion to stay on January 27, 2012. McCrea

filed a response to the motion for summary judgment on March 29, 2012. Respondent filed a reply on April 4, 2012 to which McCrea filed a response on May 1, 2012.

**Background and Procedural History**

On November 22, 2000, McCrea and his brother, Jerome McCrea ("J. McCrea") were involved in a confrontation with others at a Williamsburg County nightclub. Shots were fired, and one man (Clayton Fluitt) was injured and another (Leroy Sumter), an innocent bystander, was killed. McCrea and J. McCrea were arrested, tried together beginning May 19, 2003, and convicted. McCrea was represented by Ronnie A. Sabb, Esquire and Cezar McKnight, Esquire.

An Anders[1] brief was filed on McCrea's behalf by the South Carolina Office of Appellate Defense rasing the following issue:

> Whether the court erred by allowing the victim's mother to testify about the victim's past and his plans for the future, and by admitting State's Exhibit #7, a photograph of the decedent in his Marine Corps uniform, since this testimony and photograph were intended to elicit the sympathy of the jury and both the testimony and the photograph were inadmissible under State v. Livingston and State v. Langley?

McCrea filed a *pro se* brief raising two issues:

I. Where the State failed to comply with S.C.Code Ann. § 22-5-510 (Supp. 2000), S.C. Code Ann. § 22-3-710 (Supp. 2000), S.C.Code Ann. § 17-13-50 (Supp. 2000) and, in addition, S.C. Code Ann. § 17-23-162 (Supp. 2000) did this deprive the trial court of subject matter jurisdiction? *See* State v. Funderburk, 259 S.C. 256, 261, 191 S.E. 2d 520, 522 (S.C. 1972).

II. Was the manner in which the State held the Appellant to answer for his crimes "prejudicial" to his defenses violating his jury trial right held to be preserved inviolate and should the negligent prosecution of the Appellant as a matter of law and right go unsanctioned? State v. Monroe, 204 S.E.2d 433 (S.C. 1974); Klopfer v. North Carolina, 87 S.Ct. 988 (1967).

---

[1]Anders v. California, 386 U.S. 738 (1967).

2

McCrea's convictions were affirmed by the South Carolina Court of Appeals. *See* State v. McCrea, Unpubl.Op.No. 2004-UP-604 (filed Dec. 3, 2004). The Remittitur was returned on January 5, 2005.

McCrea filed an application for post-conviction relief ("PCR") on November 28, 2005 (App. 572), through counsel Melissa W. Gay, Esquire. An evidentiary hearing was held on April 1, 2008. (App. 582). The PCR court issued an order of dismissal on February 16, 2009. (App. 701).

Tricia A. Blanchette, Esquire filed a petition for writ of certiorari in the South Carolina Supreme Court on McCrea's behalf raising the following issues:

I. Whether the lower court erred in finding that trial counsel was not ineffective due to his failure to properly prepare and investigate prior to trial.

II. Whether the lower court erred in finding that trial counsel did not render ineffective assistance of counsel when he failed to utilize the testimony of Herbert Dozier.

The petition for writ of certiorari was denied on May 6, 2011. The Remittitur was returned on May 25, 2011.

## **Grounds for Relief**

In his present petition, McCrea asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Ineffective assistance of trial counsel.

> **Supporting facts:** Petitioner contends that trial counsel failed to conduct a thorough investigation surrounding his case prior to trial. Counsel failure to investigate is the basis for his conviction For example, several highly suspicious developments have manifested since petitioner's conviction which with the aid of a private investigator can be linked directly to the Williamsburg County Solicitor's office and the testifying witnesses that would constitute prosecutorial misconduct and malfeasance of public officials.

**Ground Two:** Ineffective assistance of trial counsel.

**Supporting facts:** Trial counsel erred in advancing the position that it was petitioner's duty to testify in his defense rather than developing alternative defense theories in the case because it is the right of the accused to plead not guilty and put the state to its burden to prove the accused's guilt beyond a reasonable doubt.

**Ground Three:** Ineffective assistance of counsel.

**Supporting facts:** (a) counsel did not move for a severance of trial.(b) Failure to investigate (c) Trial counsel failed to object to an improper reasonable doubt instruction.

**Ground Four:** Ineffective assistance of appellate counsel.

**Supporting facts:** Appellate counsel failed to raise key issues on certiorari for the S.C. Supreme Court to review and render a decision upon.

### A. Motion to Stay

In his motion for summary judgment, Respondent argues that some of McCrea's claims are procedurally barred because he failed to properly raise them in state court (*see* discussion below). McCrea filed a motion to stay his habeas case on January 12, 2012. He asks this Court to "hold this Habeas matter in abeyance and remand this matter back to the lower courts to be properly exhausted." (McCrea motion, p. 2).

Initially, the undersigned notes that the courts of the State of South Carolina are separate and distinct from the federal courts. They are not "lower" courts to this Court and remand is not authorized in these circumstances.

The existence of "after-discovered evidence" may entitle a defendant to a new trial in state court or allow for a successive PCR in state court. Under South Carolina procedure, a convicted defendant may move "for a new trial based on after-discovered evidence ... within a reasonable period after the discovery of the evidence." Rule 29(b), S.C.Crim.P. To be successful the party seeking the new trial based on after-discovered evidence must show that the evidence: (1) is such as

4

would probably change the result if a new trial was had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before the trial; (4) is material to the issue of guilty or innocense; and (5) is not merely cumulative or impeaching. Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (1983).

A prisoner seeking to collaterally attack his conviction under South Carolina's Uniform Post-Conviction Procedure Act (S.C.Code Ann. § 17-27-10 et. seq.) Must raise "[a]ll grounds for relief available" to him in his PCR application. (S.C.Code Ann. § 17-27-90). Further, "[a]ny ground ... not so raised ... may not be the basis for a subsequent application, unless the court finds ... sufficient reason ..." for failure to assert the ground in the original application. ( *Id*.). Last, "if the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed within one year after the date of the actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the existence of reasonable diligence." (S.C.Code Ann. § 17-27-45(C)).

There is no indication in the record to show that McCrea has moved for a new trial or sought to justify the filing of a second PCR under state procedure. Last, in Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that district courts have the discretion to stay habeas proceedings where a petitioner demonstrates "good cause" for failure to raise claims in state court. McCrea has not shown good cause in this case. In the first claim in his present petition, McCrea cites "highly suspicious developments" that he wishes to pursue with the aid of a private investigation. Speculation such as this does not constitute good cause.

It is recommended that the motion to stay be denied.

**B. Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

   **1.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i)  there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section,

> if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the

applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[2] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d

---

[2]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

8

1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

    **2.**    **Procedural Bypass[3]**

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

---

[3]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances**.**

Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an

11

actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Of the four grounds for relief stated in the petition, the only one that was presented to the South Carolina appellate courts is a portion of Ground 3, i.e., ineffective assistance of trial counsel for failing to properly investigate McCrea's case. McCrea has not attempted to show cause or prejudice for the failure to properly present his remaining claims. The undersigned concludes that those claims are procedurally barred and will not be addressed herein.[4]

---

[4]In Ground 4, McCrea asserts that his PCR appellate counsel failed to raise "key issues" in the petition for writ of certiorari. Such a claim is not cognizable. *See* 28 U.S.C. § 2254(i). The undersigned is aware that earlier this year the Supreme Court ruled that ineffective assistance of counsel at initial-review collateral proceedings, such as South Carolina's PCR proceedings, may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. *See* Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309 (2012). However, that ruling "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings...." *Id.* at 1320.

12

### C. **Ineffective Assistance of Trial Counsel**

In his PCR, McCrea asserted that his trial counsel was ineffective by generally failing to investigate his case, meet adequately with him prior to trial or contact several witnesses. These issues were developed at the PCR hearing, addressed by the PCR court and argued in the petition for writ of certiorari.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir.1985) quoting Strickland, reversed on other grounds, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

\* \* \*

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct ... the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir.1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir.1991), *cert. denied*, 505 U.S. 1230, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that " Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir.1998), abrogated on other grounds by Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of

14

ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.

The PCR court found that trial counsel adequately investigated the case and sufficiently met with McCrea prior to trial. (App. 707-711). McCrea also asserted that counsel should have spoken with three potential female witnesses from North Carolina and his cousin, Herbert Dozier. McCrea did not have contact information for the three women from North Carolina, and they did not testify at the PCR hearing. The PCR court found that McCrea did not make counsel aware of Mr. Dozier prior to trial. (App. 709). Mr. Dozier did testify at the PCR hearing, but the PCR court found that his testimony did not support McCrea's theory of the case.[5]

The findings of the South Carolina courts were not contrary to or an unreasonable application of <u>Strickland</u>.

## **Conclusion**

Based on a review of the record, it is recommended that Petitioner's motion for a stay be **denied**, and that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
June 12, 2012

**The parties are referred to the Notice Page attached hereto.**

---

[5]McCrea did not deny his presence or the fact that he was one of the individuals shooting during the fight.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).