IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Torrance McCrea, ) | |
| ) | Civil Action No.: 3:11-cv-01390-RMG |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| Wayne McCabe, ) | |
| Warden Lieber ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is an inmate in state prison and filed this *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. Respondent filed a motion for summary judgment, along with a return and memorandum, on December 29, 2011. (Dkt. Nos. 21 and 22). Petitioner filed a response in opposition (Dkt. No. 35), Respondent filed a reply (Dkt. No. 36), and Petitioner filed a further reply (Dkt. No. 37). In addition to Petitioner's response, Petitioner also filed a motion to stay this matter so that he may properly exhaust his state law claims, to which Respondent filed a response. (Dkt. Nos. 27, 30). The Magistrate Judge filed a Report and Recommendation on June 12, 2012 recommending that this Court grant Respondent's motion for summary judgment and deny Petitioner's motion to stay. (Dkt. No. 38). As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses Petitioner's petition with prejudice. Because this Court agrees with the sound reasoning set forth in the Magistrate Judge's R&R, the Court addresses only the specific objections of Petitioner.

1

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody may attack the validity of his conviction through direct appeal and by filing an application for post-conviction relief ("PCR"). *See,* S.C. Code Ann. § 17–27–90; *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997); *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 321 S.C. 563, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). The Fourth Circuit has held that claims that are not presented to the South Carolina Supreme Court on appeal from the denial of a PCR application are procedurally barred from federal habeas court review, "absent cause and prejudice or a fundamental miscarriage of justice." *See Longworth v. Ozmint,* 377 F.3d 437, 448 (4th Cir.2004).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential. . .and when the two apply in tandem, review is doubly so."

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Analysis

Petitioner filed timely written objections to the Report and Recommendation of the Magistrate Judge. (Dkt. No. 42). Petitioner moved to withdraw his motion to stay and move forward only on his exhausted claims. *Id.* at 3. This Court, therefore, agrees with the Magistrate Judge's recommendation and finds that Petitioner's motion to stay is denied. (Dkt. No. 27). Petitioner objects to the Magistrate Judge's Report and Recommendation on two grounds that relate only to Ground 3 of his petition:

1) Ineffective assistance of counsel for failing to properly investigate and prepare an adequate defense.

2) Ineffective assistance of trial counsel for failing to object to burden-shifting reasonable doubt instructions.

(Dkt. No. 42 at 3). This Court addresses each of these claims in turn herein.

### Failure to Investigate

Petitioner alleges that his trial attorney failed to adequately investigate his case by failing to contact several witnesses that he requested counsel contact prior to trial.[1] (Dkt. No. 42 at 4). Petitioner alleges that one of these witnesses was his cousin Herbert Dozier, who testified at the PCR evidentiary hearing. *Id.* at 4-5. In his Order of Dismissal, the PCR judge noted that Dozier testified that "he heard shooting, multiple gunshots, but did not see it" and that he "did testify that he saw the McCreas pull out their weapons." (Dkt. No. 21-7 at 94-95). The PCR judge

---

[1] Petitioner is not procedurally barred from presenting this claim as he presented this question on appeal from the PCR court in a Petition for Writ of Certiorari to the South Carolina Supreme Court. (Dkt. No. 21-13).

4

further noted that Dozier testified that the Petitioner left before Dozier and that Dozier left after the first shooting. *Id.* at 95. The PCR judge concluded that "Dozier only witnessed the first shooting and was not present when the McCreas returned" and that "the testimony would not have affected the outcome of the case because Dozier was not present when the shooting causing the injuries occurred." *Id.* The PCR judge found that the trial counsel's "failure to investigate Dozier in this case was not unreasonable because he had no way to know that Dozier may have had beneficial information," as trial counsel testified that he was not provided with Dozier's contact information. (Dkt. No. 21-7 at 93, 95-96). The PCR judge further found that Petitioner failed to establish prejudice such that the outcome of the trial would have been different if counsel had investigated Dozier because Dozier's testimony did not lend credibility to any of Petitioner's theories regarding his case. At his PCR hearing, Petitioner also alleged that he told his attorney about three female witnesses but did not provide his attorney with any contact information. (Dkt. No. 21-6 at 45). The PCR judge concluded that the failure to investigate these witnesses was not deficient because counsel had no way of finding these women or other club patrons. (Dkt. No. 21-7 at 94).

Petitioner has not demonstrated that the PCR court's credibility determinations regarding the trial counsel are without support. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The PCR court clearly applied the *Strickland* standard to each allegation by Petitioner that his counsel failed to investigate various witnesses and concluded that his counsel's performance was not deficient and that Petitioner was not prejudiced by it. Petitioner has not provided evidence that the PCR court unreasonably applied established federal law or that the PCR court made unreasonable factual findings.

5

## Improper Reasonable Doubt Instructions

Petitioner alleges that trial counsel was ineffective in failing to object to an improper reasonable doubt instruction. (Dkt. No. 42 at 10). Petitioner appears to concede that this claim is procedurally barred, but argues that the Magistrate Judge erred in concluding that he has not shown cause and prejudice as to this claim. *Id.* Petitioner alleges that he suffered prejudice because the trial judge charged the jury that "malice could be inferred from the use of a deadly weapon" and his trial counsel failed to object to this instruction. *Id.* Petitioner points the Court to *State v. Belcher*, in which the South Carolina Supreme Court held that "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide." *State v. Belcher*, 385 S.C. 597, 600 (S.C. 2009). Petitioner appears to further allege that his PCR counsel was ineffective for failing to sufficiently raise the issue at his PCR hearing and that this would be sufficient "cause" to excuse his procedural default.[2]

The Court finds that it need not reach a conclusion as to whether Petitioner's PCR counsel's failure to present evidence as to his reasonable doubt instruction constituted "cause" for Petitioner's procedural default. The Court finds Petitioner's second objection lacks merit and this claim must be dismissed. The South Carolina Supreme Court specifically held in *Belcher*

---

[2] As the Magistrate Judge noted, the Supreme Court in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) recently recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315. However, this was not extended to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id.* at 1320. It is unclear whether Petitioner's argument goes to his PCR counsel's assistance at the PCR hearing or his PCR appeals counsel. Petitioner's PCR counsel included the reasonable doubt instruction issue in his PCR petition (Dkt. No. 21-6 at 29), but did not present evidence as to that issue at the PCR hearing. (Dkt. No. 21-7 at 98). Moreover, Petitioner's PCR appeals counsel did not raise the issue on appeal. (Dkt. No. 21-13). Because Petitioner's claims fail on the merits, the Court need not reach the issue of whether Petitioner has cause to proceed on this claim.

that its ruling "will not apply to convictions challenged on post-conviction relief." 385 S.C. at 810. The construction of when a change in state law should become effective is purely a state law issue. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Smith v. Stevenson*, 2010 WL 1257510 at *6 (D.S.C. 2010). Thus, *State v. Belcher* is inapplicable to the instant matter.

## Conclusion

After a review of the record, the Report and Recommendation, and the applicable law, this Court finds that the Report and Recommendation accurately summarizes the applicable legal and factual issues in this motion. Therefore, the Court adopts the Report and Recommendation as the order of this Court. (Dkt. No. 38). For the reasons stated above, it is hereby **ORDERED** that Petitioner's motion for a stay be **DENIED** (Dkt. No. 27) and that Respondent's motion for summary judgment be **GRANTED** (Dkt. No. 22). Thus, the Court finds that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

July 13, 2012
Charleston, South Carolina

8